JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
PATRICK A. CATHCART (CA Bar No. 65413)
pcathcart@adorno.com
AMY L. MORSE (CA Bar No. 92135)
amorse@adorno.com
FRANCES Q. JETT (CA Bar No. 175612)
fjett@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel:  (213) 229-2400
Fax:  (213) 229-2499

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., an
acquirer of certain assets and liabilities of
Washington Mutual Bank from the
Federal Deposit Insurance Corporation
acting as Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA, WESTERN DIVISION

**CV09-05635 RGK (CTx)**

| | |
|---|---|
| JONGIL LEE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, FA, formerly a Federal association organized and existing under the laws of the United States; J.P. MORGAN CHASE BANK, a New York corporation; DOES 1-10, inclusive,<br><br>Defendant. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**Action Filed:**   June 24, 2009<br>LASC Central Case No. BC416488 |

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as Receiver ("JPMorgan"),   respectfully files this Notice of Removal to Federal Court ("Notice"), pursuant to 28 U.S.C. §§ 1441, *et*

1

2021972.1

*seq.,* to remove the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles, Central District, in which the case is now pending, to the United States District Court for the Central District of California. In support of this Notice, Defendant states as follows:

1. On or about June 24, 2009, plaintiff Jongil Lee ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, Case Number BC416488 ("State Action").

2. JPMorgan was served with the Summons and Complaint on July 1, 2009, by personal service.

3. This Notice of Removal is timely pursuant to 28 USC § 1446, because it is filed within thirty (30) days of JPMorgan's initial receipt of the Summons and the Complaint. Copies of the Summons and Complaint are collectively attached as Exhibit 1, as required by 28 USC. § 1446(a).

4. This action is a civil action on which this Court has original jurisdiction under 28 USC § 1331, and is one which JPMorgan may remove to this Court pursuant to 28 USC § 1441(b). The action arises from the laws of the United States, because in the Complaint, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq*, the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("Section 1981"), and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. *See,* Complaint, pp. 7-11, 19-21.

5. Specifically, in the Complaint, Plaintiff alleges that JPMorgan is liable for violating TILA and RESPA by failing to disclose to Plaintiffs the terms of the subject loans. Plaintiff also alleges that JPMorgan is liable for violating Section 1981 and ECOA by discriminating against Plaintiff based on his race, religion or national origin. *See,* Complaint, pp. 7-11, 19-21.

6. On information and belief, JPMorgan believes that no other defendants have been served. Thus, no consent is necessary as to remaining defendants,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

2021972.1

1    including Does 1 through 10, because such defendants have not yet been served with

2    the Complaint or appeared.

3           7.      Payment of the appropriate fees and costs for removal and docketing of

4    this matter in federal court, if any, are tendered with this Notice.

5           WHEREFORE, JPMorgan respectfully requests that this action proceed in this

6    Court as an action properly removed.

7

8    DATED: July 31, 2009              ADORNO YOSS ALVARADO & SMITH
                                  A Professional Corporation

9

10

11                                By: _____

12                                    JOHN M. SORICH
                                      PATRICK A. CATHCART

13                                    AMY L. MORSE
                                      FRANCES Q. JETT

14                                    Attorneys for Defendant
                                      JPMORGAN CHASE BANK, N.A., an

15                                    acquirer of certain assets and liabilities of
                                      Washington Mutual Bank, from the

16                                    Federal Deposit Insurance Corporation,
                                      acting as Receiver

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Washington Mutual Bank, FA, formerly a Federal association organized and existing under the laws of the United States; J.P. Morgan Chase Bank, a New York corporation; DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jongil Lee, an individual,

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 24 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. LaFLEUR-CLAYTON

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California-Stanley Mosk Courthouse
111 North Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
BC 416488

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Trinity Law Associates
3470 Wilshire Blvd., Los Angeles, CA 90010

DATE: **JOHN A. CLARKE, CLERK** Clerk, by _____ AMBER LaFLEUR-CLAYTON , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Timothy D. Thurman, State Bar No. 216048
   TRINITY LAW ASSOCIATES, LLC.
2  3470 Wilshire Blvd., Suite 930
   Los Angeles, California 90010
3  Tel: (213) 384 9000; Fax: (213) 402 3262
4  tim.thurman@trinlaw.com

5  Attorneys for Plaintiff, JONGIL LEE

6

7

8

9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 24 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A.EI LAFLEUR-CLAYTON

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA,
## COUNTY OF LOS ANGELES, STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JONGIL LEE, an individual, | CASE NO.: **BC416488** |
| Plaintiffs, | COMPLAINT FOR: |
| v. | 1. **VIOLATION OF TRUTH IN LENDING STATUTE, 15 U.S.C. § 1611** |
| WASHINGTON MUTUAL BANK, FA, formerly a Federal association organized and existing under the laws of the United States; J.P. MORGAN CHASE BANK, a New York corporation; DOES 1-10, inclusive, | 2. **VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 26.U.S.C. § 2605** |
| Defendants. | 3. **VIOLATION OF CALIFORNIA FINANCIAL CODE § 4970** |
| | 4. **FRAUD IN THE INDUCEMENT** |
| | 5. **BREACH OF CONTRACT** |
| | 6. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | 7. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200** |
| | 8. **VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6** |
| | 9. **VIOLATION OF UNRUH CIVIL RIGHTS ACT** |
| | 10. **VIOLATION OF CIVIL RIGHTS ACT OF 1991 [42 USC §** |

1

PLAINTIFF'S COMPLAINT FOR DAMAGES AND RECISSION

1981]
11.    **VIOLATION OF EQUAL**
**CREDIT OPPORTUNITY ACT-**
**[15 U.S.C. § 1691]**
12.    **DECLARATORY RELIEF**

**COMES NOW** Plaintiff JONGIL LEE herein complains and alleges as follows:

1.      The Plaintiff pleads venue within this district. The Plaintiff is a resident within said district, and as the Defendants, and each of them, have or are doing business within the district, and further, the relevant contract was entered into in said district. Thus, venue within this district is proper.

**PARTIES**

2.      Plaintiff JONGIL LEE is an individual, and at all relevant times herein was a resident in the city of Northridge, County of Los Angeles, State of California.

3.      Defendant WASHINGTON MUTUAL BANK, FA was Delaware corporation and a Federal Savings Bank organized and existing under the laws of the United States of America [hereinafter referred to as "WAMU"]. WAMU provided two mortgages for the Plaintiff to purchase the real property, commonly referred to as 11449 Tampa Ave. Unit 144, Northridge, CA. Plaintiff is informed and believes, and thereupon alleges that WAMU was bought by Defendant JP MORGAN CHASE [hereinafter referred to as "JP MORGAN"]. Defendant WAMU and JP MORGAN do business within the jurisdiction of the instant Court. Plaintiff is informed and believes, and thereupon alleges that WAMU and JP MORGAN are the current holders of the Notes.

4.      Defendant JP MORGAN CHASE, is a New York corporation, who does business within California. Plaintiff is informed and believes, and thereupon alleges that WAMU, was bought by Defendant JP MORGAN CHASE, and that, therefore, Defendant JP MORGAN CHASE stands in the shoes of WASHINGTON MUTUAL, LLC. as the original mortgagor.

5.      Plaintiff is not aware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Each of

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

2
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

said fictitiously named defendants is responsible in some manner for the violations of law herein alleged. Plaintiff will amend this complaint to add the true names of the fictitiously named Defendants once they are discovered. Whenever reference is made in this complaint to "Defendants," such reference shall include Does 1 through 10.

6.      When reference in this Complaint is made to any act or transaction of a defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that said defendant and its owners, officers, directors, agents, employees, or representatives did or authorized such acts while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

7.      Whenever in this Complaint reference is made to any act of Defendants, such allegation shall be deemed to mean the act of each defendant acting individually and jointly with the other Defendants named in that cause of action.

## COMMON ALLEGATIONS

8.      Plaintiff LEE purchased certain real property commonly known as 1149 Tampa Ave. Unit 144, Northridge, CA. The home was purchased as his primary residence.

9.      On or about May 24, 2005, the Plaintiff financed the mortgage of the property with two loans through Defendant WAMU. Each mortgage was an Adjustable Interest Rate Note.

10.      The first loan was for an amount of $388,125, with an alleged starting interest rate of 5.375%. The terms of the first Note also provide that the first five years were to be interest only. The first Adjustable Rate Note is appended hereto and incorporated as (Exhibit A). The variable interest in the Adjustable Rate Note was based upon the One Week United States Treasury Securities index.

11.      The second loan was for an amount of $77,625.00, with an alleged starting interest rate of 12.150%. The second loan was a 30 year loan.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

3
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

12.     Plaintiff alleges that Defendants, and each of them, never explained the workings of the variable interest rate for the first loan, or the interest payment for the second loan, how either of the interest rates are computed, nor the inherent volatility of the variable interest rate.

16.     Further, on information and belief, Plaintiff alleges that the Defendants charged and obtained improper fees for the placement of his loans as "sub-prime" when he would have qualified for a prime rate mortgage which would have generated less in fees and interest paid by the Plaintiff.

17.     Plaintiff is informed and believes, and thereupon alleges that there are numerous violations of Federal law contained in the loan documents given (or not given) to the Plaintiff by WAMU.

## The First Loan:

19.     The terms of the first mortgage finance transaction with WAMU were not clear or conspicuous, nor consistent, and include, for example, a variable rate note commonly known as an "Adjustable Rate Mortgage". First, the Plaintiff is informed and believes, and thereupon alleges, that the Annual Percentage Rate ("APR") revealed on the Truth in Lending Act Disclosure Statement (TILADS) is incorrect and fraudulent.  On the TILADS, the APR revealed is 5.920%; yet, by the Plaintiff's calculation, this is incorrect, especially given that the initial interest rate is 5.375% and the margin for the interest rate change is 2.75%.  Accordingly, Plaintiff is informed and believes and thereupon alleges that the difference between the actual and the real APR are well outside of the allowance permitted by the Truth in Lending Act.

20.     Also, the Plaintiff is informed and believes that the "Amount Financed" revealed on the TILADS is also false and fraudulent.  Generally, the Amount Financed is calculated by taking the amount loaned (in this case $388,125), and deducting the closing costs as revealed on the HUD-1 statement.  Here, however, the Plaintiff did not appear to receive the HUD-1 statement and is informed, that the amount financed was incorrect and that the Defendant WAMU thus violated both

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd, Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

TILA and RESPA.  Furthermore, Plaintiff is informed and believes and thereupon alleges that the Amount Financed is inaccurate because the amount paid by the Plaintiff for closing was too much, and was more than what was revealed on the TILA statement.  This is another example of what Plaintiff believes was an attempt to intentional defrauding the Plaintiff.

**The Second Loan**

21.     The terms of the second mortgage finance transaction with WAMU also were not clear or conspicuous, nor consistent, and include, for example, a balloon payment which was not revealed to the Plaintiff.

22.     First, the Plaintiff is informed and believes, and thereupon alleges, that the Annual Percentage Rate ("APR") revealed on the Truth in Lending Act Disclosure Statement (TILADS) for the second loan is also incorrect and fraudulent.  On the TILADS, the APR revealed is 12.150%; yet. Accordingly, Plaintiff is informed and believes and thereupon alleges that the difference between the actual and the real APR are well outside of the allowance permitted by the Truth in Lending Act.

23.     Also, the Plaintiff is informed and believes that the "Amount Financed" revealed on the TILADS is also false and fraudulent.  Generally, the Amount Financed is calculated by taking the amount loaned (in this case $77,625), and deducting the closing costs as revealed on the HUD-1 statement.  Here, however, the Plaintiff, did not appear to receive the HUD-1 statement and is informed, that the amount financed was incorrect and that the Defendant WAMU thus violated both TILA and RESPA.  Plaintiff is informed, therefore, that the amount financed was incorrect and that the Defendant WAMU thus violated both TILA and RESPA.  Furthermore, Plaintiff is informed and believes and thereupon alleges that the Amount Financed is inaccurate because the amount paid by the Plaintiff for closing was too much, and was more than what was revealed on the TILA statement. This is another example of what Plaintiff believes was an attempt to intentional defrauding the Plaintiff.

**Both Loans:**

24. Plaintiff is informed and believes and thereupon alleges that Defendant WAMU knew at the time that these disclosures were made (or were not made) that they were false, and Plaintiff alleges that they were made (or not made) simply in attempt to be misleading, confusing, and deceptive.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants also included an excessive prepayment penalty in the loan structure as a prohibitive measure to trap the Plaintiff in an unaffordable mortgage with little or no possibility of being able to refinance said loan without suffering significant financial losses.

26. Plaintiff is informed and believes and thereupon alleges that the purpose of entering into the above-described mortgage loan transactions was for Plaintiff to eventually own the Property. That purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' actions alleged herein.

28. Plaintiff also is informed and believes, and thereupon alleges that the debts were thereafter securitized and fractionalized and converted into securities traded across duly authorized public markets, and that Defendants do not even retain the Note for the loan for which is collecting mortgage payments.

29. In the instant case, Plaintiff's mortgage loan transactions was consummated on May 24, 2005. Plaintiff did not discover the violations alleged in this Complaint until April of 2009. Plaintiff is not familiar with, nor has experience with, mortgage transactions. Additionally, Plaintiff does not speak English as his primary language, and he was provided any of the loan transaction documents in his native language. Plaintiff further alleges that the disclosures provided by WAMU were unclear, inconspicuous, and inconsistent, included documents which contradicted themselves, or failed to timely provide disclosure documents. Finally, the true nature of the loans and the material

*Left margin:* TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

1    terms of the loans were never explained to the Plaintiff, and WAMU purposefully concealed the true

2    nature of the loan documents.  For these reasons, the relevant statutes of limitations are tolled.

### COUNT I

### VIOLATION OF TRUTH IN LENDING ACT

### [15 USC § 1601]

### (ALL DEFENDANTS)

24.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

25.    At all relevant times, Defendants were "creditors" as that term is defined in § 103 of the TILA, 15 U.S.C. § 1602, and § 226.2(a) (17) of Regulation Z, 12 C.F.R. § 226.2(a) (17), and therefore are required to comply with the applicable provisions of the TILA and Regulation Z, and other applicable laws.

26.    The transactions which are the subject of this lawsuit are subject to the right of rescission because either the loan was a non-exempt loan under TILA for purposes of rescission, or Defendants otherwise treated the transaction as rescindable by, among other things, providing Plaintiff with TILA disclosures.  Plaintiff has the ability and can tender the borrowed funds back to the lender.

27.    On information and belief, in the course and conduct of offering and extending credit, Defendants violated the requirements of the TILA and Regulation Z, and other applicable laws, in one or more of the following ways within one year of the Closing Date:

a.    Failing to make required TILA disclosures before consummating a consumer credit transaction in violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z, 12 C.F.R. §§ 226.17 and 226.18;

b.    Failing to make required TILA disclosures in the required manner and form before consummating a consumer credit transaction in violation of §§ 121 and 128 of the TILA, 15 U.S.C. §§ 1631 and 1638, and §§ 226.17 and 226.18 of Regulation Z,

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

1   12 C.F.R. §§ 226.17 and 226.18;

2     c.   Failing to timely make or correct certain "good faith" disclosures in violation of §

3       226.19 of Regulation Z, 12 C.F.R. § 226.19;

4     d.   Understating the disclosed finance charge in violation of § 128 of the TILA, 15

5       U.S.C. § 1638; and § 226.18(d) of Regulation Z, 12 C.F.R. § 226.18(d);

6     e.   Overstating the amount financed in violation of § 128 of the TILA, 15 U.S.C. §

7       1638, and § 226.18(b) of Regulation Z, 12 C.F.R. § 226.18(b);

8     f.   Understating the disclosed annual percentage rate in violation of § 128 of the

9       TILA, 15 U.S.C. § 1638, and § 226.18(e) of Regulation Z, 12 C.F.R. § 226.18(e);

10    g.   Making disclosures that do not reflect accurately the legal obligation between the

11      parties in violation of § 128 of the TILA, 15 U.S.C. §§ 1638, and § 226.17(c) of

12      Regulation Z, 12 C.F.R. § 226.17(c);

13    h.   Failing to provide a good faith estimate within three (3) days of the loan

14      application, in violation of Regulation Z §§ 226.17(b) and 226.19(b)(2);

15    i.   Failing to provide the Consumer Handbook on Adjustable Rate Mortgages, in

16      violation of Regulation Z §§ 226.17(b) and 226.19(b)(1); and

17    j.   Failing to provide a copy of the HUD-1 statement at Closing Date, in violation of

18      Regulation Z § 226.18(c).

19      28.   Furthermore, and more particularly, upon information and belief, Plaintiff alleges that

20  Defendants failed to truthfully, clearly and conspicuously accurately disclose the cost of the loan as an

21  Annual Percentage Rate (hereinafter, "APR"), in that the TILADS states that the cost of the first loan

22  as a "yearly rate" is 5.375%, whereas Plaintiff is informed and believes that the cost is actually much

23  greater.  With regard to the second loan, the TILADS states that the cost of the first loan as a "yearly

24  rate" is 12.150%, whereas Plaintiff is informed and believes that the cost is actually much greater

25      29.   Also, upon information and belief, Plaintiff also alleges that the Amount Financed in

26  the each of the TILADS is incorrect and fraudulent.  As noted above, generally, the Amount Financed

27  is calculated by taking the amount loaned (in this case $388,125 or $77,625 respectively), and

28  deducting the closing costs as would have been revealed on the HUD-1 Statement if the Plaintiff was

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

provided it. The Plaintiff is informed and believes that the closing costs charged by WAMU for each loan were unnecessary and grossly too large, and, further, that the true closing costs were hidden from the Plaintiff.

30.     As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what he should have paid but for the violations, all in an amount to be proven at trial.

31.     As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

    a.  Rescission of the transaction;

    b.  Termination of any security interest in Plaintiff's Property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

    d.  Statutory damages of $2,000 for disclosure violations;

    e.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

    f.  Forfeiture of return of loan proceeds;

    g.  Actual damages in an amount to be determined at trial;

    h.  Reasonable attorney's fees and costs.

32.     On information and belief, Plaintiff also alleges that Defendants acted willfully, maliciously, oppressively and/or fraudulently and in conscious disregard for the rights of Plaintiff and, as such, Plaintiff is entitled to punitive damages.

## COUNT II

## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

### [12 USC § 2601]

### (ALL DEFENDANTS)

33.     Plaintiff repeats and re-alleges each and every allegation contained in the above

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

paragraphs and incorporates the same as though fully set forth at length.

34.    On information and belief, Defendants are lenders, creditors, mortgage brokers, and/or services, including their agents and employees, who regularly extend federally-insured mortgage loans, HUD-related loans, or loans intended to be sold on the secondary market, intended for the purchase of a one- to four-family residential property, to which the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and Regulation X (24 C.F.R. § 3500 et seq.) applies.

35.    On information and belief, Defendants, and each of them, violated RESPA in one or more of the following ways:

   a.  Failing to provide, in a clear and concise form, a good faith estimate of the amount of settlement charges the borrower is likely to incur at Closing Date within three (3) business days after Plaintiff submitted his loan application, pursuant to Regulation X § 3500.7;

   b.  Failing to reflect in the good faith estimate the required use of a particular settlement service provider, the costs of such provider, and all necessary disclosures for such provider;

   c.  Failing to properly provide, and in a clear and conspicuous form, the HUD-1 settlement statement at or before the Closing Date with all settlement charges related to the transaction, pursuant to Regulation X §§ 3500.8 and 3500.10;

   d.  Charging a fee for preparation of the settlement statement, escrow account statement, and/or the TILA disclosure statement, pursuant to Regulation X § 3500.12;

   e.  Failing to disclosure an affiliated business arrangement, pursuant to Regulation X § 3500.15;

   f.  Giving, providing and/or receiving a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, hidden referral fees, and/or yield spread premiums, pursuant to Regulation X § 3500.14;

   g.  Charging fees in excess of the reasonable value of goods provided and/or services rendered;

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; tim.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

h.   Requiring the borrowers to deposit funds in escrow in excess of the statutorily permitted amounts;

i.   Failing to properly and timely pay for property taxes, insurance and other charges for which Defendants are collecting within an escrow impound account; and/or

j.   Failing to adequately and timely respond to borrower(s) qualified written request, pursuant to Regulation X § 3500.21(e).

36.   As a proximate result of the aforesaid violations of the Act, Plaintiff detrimentally relied upon such inaccurate disclosures and/or non-disclosures by Defendants and has sustained damages, including but not limited to, paying fees and charges in excess of what he should have paid but for the violations, all in an amount to be proven at trial.

37.   As a result of the aforesaid violations of the Act, Defendants are liable to Plaintiff for:

a.   Rescission of the transaction;

b.   Termination of any security interest in Plaintiff's Property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

d.   Statutory damages of $2,000 for disclosure violations;

e.   Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

f.   Forfeiture of return of loan proceeds;

g.   Actual damages in an amount to be determined at trial;

h.   Reasonable attorney's fees and costs.

## COUNT III

### VIOLATION OF CALIFORNIA FINANCIAL CODE § 4970

### (ALL DEFENDANTS)

38.   Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

11

39.     The mortgage loans which are the subject of this action was a "covered loan", i.e. a conforming loan pursuant to a first mortgage loan establihed by the Federal National Mortgage Association, and a "consumer loan" as defined in California Financial Code § 4970(b) and (d).

40.     On information and belief, Defendants violated § 4970 *et seq.*, in one or more of the following ways:

    a.  Failing to provide the required disclosure pursuant to § 4973(k);

    b.  Including a prepayment fee or penalty within the first 36 months after the Closing Date without offering the Plaintiff a choice of another product without a prepayment fee or penalty;

    c.  Including a prepayment fee or penalty after the first 36 months after the Closing Date;

    d.  Including a negative amortization provision that causes the principal balance to increase;

    e.  Including an advance payment of periodic payments from the loan proceeds;

    f.  Including a provision which increases the interest rate as a result of a default;

    g.  Originating the loan with no reasonable belief that the Plaintiff would be able to make the scheduled payments to repay the obligation;

    h.  Encouraging and/or providing Plaintiff with a loan to refinance such that the new loan does not result in any identifiable, financial benefit to the Plaintiff;

    i.  Encouraging and/or providing Plaintiff with a loan product that is less favorable that the Plaintiff would ordinarily qualify for based on the current underwriting guidelines, prudently applied, including all available information;

    k.  Dividing the loan transaction into separate parts to avoid liability under the statute; and/or

    l.  Misrepresenting the terms of the loan transaction to the Plaintiff.

41.     As a proximate result of the aforesaid violations of the Act, Plaintiff has sustained damages, including but not limited to, paying fees and charges in excess of what he should have paid but for the violations, all in an amount according to proof at trial.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

12

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

42.     As a result of the aforesaid willful violations of the statute, Defendants are liable to Plaintiff for $15,000 or actual damages determined at trial, (whichever is greater), and reasonable attorney's fees and costs.

## COUNT IV

## FRAUD IN THE INDUCEMENT

## (ALL DEFENDANTS)

43.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

44.     Defendants, through verbal and written communications, falsely and fraudulently represented to Plaintiff loan terms that were intentionally misleading, including a false Annual Percentage Rate, a false "Amount Financed", and intentionally failing to timely provide disclosure documents such as the HUD-1 Statement. These actions were used as a deceptive sales gimmick to induce the Plaintiff to think the loan product was less costly and more affordable than it really was. In furtherance of this exceedingly deceptive lending scheme, Defendants provided Plaintiff with an intentionally misleading TILADS. Defendants knowingly and intentionally concealed these material facts from Plaintiff with the intent to maximize Defendants' profits, all to Plaintiff's detriment.

45.     Furthermore, Defendants knowingly and intentionally steered Plaintiff into a risky loan, which Defendants knew would cost the Plaintiff more money. Defendants, and each of them, placed the Plaintiff in high interest loans despite the fact that he was imminently qualified for a more traditional, safer and cheaper fixed loan.

46.     Defendants, through verbal and written communications, falsely and also fraudulently represented to Plaintiff loan terms that were incorrectly and improperly calculated, including the annual percentage rate, finance charges, amount financed, and other rates and fees that were either not disclosed, made clear or were not included as part of the finance charge.

47.     When the Defendants made these representations, they knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

13
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinilaw.com

48.     Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.

49.     In reliance on these representations, Plaintiff was induced to and did enter into the mortgage loan transaction with Defendants.

50.     Had Plaintiff known the actual facts, Plaintiff would not have taken such action.

51.     Plaintiff's reliance on Defendant's representations was justified because Plaintiff was not in the business of mortgage lending and reasonably relied upon Defendants to fully inform and disclose to Plaintiff the true nature of the terms of the loan as more fully described above.

52.     As a proximate result of Defendants' fraud and deceit, and the facts herein alleged, Plaintiff has been damaged in an amount to be proven at trial, but which exceeds $500,000, and is also entitled to restitution and rescission of the transaction which is the subject(s) of this action, .

53.     In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages in an amount to be proven at trial.

## COUNT V

### BREACH OF CONTRACT

### (AGAINST ALL DEFENDANTS)

54.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

55.     Plaintiff entered into a written agreement with WAMU for two mortgage loans, copies of which are attached as Exhibits A and B.

56.     On information and belief, Defendants, and each of them, breached the agreement by, among other things, providing fraudulent provisions, and failing to provide the required notices under RESPA and TILA.

57.     Plaintiff has performed all conditions, covenants, and promises required by him on his part to be performed in accordance with the terms and conditions of the contract.

14
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

58.    As a proximate result of the aforesaid breach of contract, Defendants, and each of them, are liable to Plaintiff for actual and compensatory damages according to proof at trial, attorney's fees and costs, but in an amount which exceeds $500,000.

## COUNT VI

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (ALL DEFENDANTS)

59.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

60.    On information and belief, Plaintiff alleges that at all times mentioned herein there existed between Plaintiff and Defendants, and each of them, either a direct or implied contractual covenant of good faith and fair dealing requiring Defendants and each of them to safeguard, protect or otherwise care for the assets and/or rights of the Plaintiff. Said covenants prohibited them from activities interfering with or contrary to the rights of the Plaintiff.

61.    On information and belief, Plaintiff alleges that the above outlined actions of the Defendants, and each of them, constitute a breach of the said covenant of good faith and fair dealing.

62.    As a direct and legal result of said acts by Defendants, and each of them, Plaintiff alleges that he has been damaged legally and proximately in amounts according to proof at time of trial, but in an amount which exceeds $500,000

### COUNT VII

### VIOLATION OF CALIFORNIA BUSINESS AND
### PROFESSIONS CODE §§ 17200
### (ALL DEFENDANTS)

63.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

64.    The Unfair Competition Law and Unfair Business Practices Act, codified in Business & Professional Code § 17200, et seq., provides that unfair competition shall mean and include any

15
PLAINTIFF'S COMPLAINT FOR DAMAGES

1  unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

2  advertising.

3      65.   On information and belief, Defendants' acts or practices of failing to accurately and

4  adequately disclose the true loan terms, failing to provide Plaintiff with the necessary disclosures and

5  documents, violating anti-predatory lending statutes requiring such disclosures, etc., all as previously

6  alleged within this Complaint, was and is illegal, unfair, fraudulent and/or deceptive.

7      66.   By committing the acts and practices alleged herein, Defendants have been and

8  continue to be engaged in illegal, unfair and/or deceptive business practices within the meaning of the

9  Business & Professions Code § 17200 *et. seq.*

10     67.   Plaintiff has been injured in fact and has lost money and property as a result of

11  Defendants' unfair business practices as alleged throughout this Complaint.

12     68.   Defendants, through their acts of illegal, unfair or deceptive business practices, have

13  obtained a value as a direct result of their scheme.

14     69.   Plaintiff requests that the Court grant relief by way of restitution by ordering that the

15  Defendants return any direct or indirect gains to the Plaintiff and to enjoin Defendants from

16  continuing to violate the Business & Professional Code by such conduct in the future.

17     70.   Plaintiff also requests an award of attorneys' fees, costs and expenses against

18  Defendants.

19

20                      **COUNT VIII**

21          **VIOLATION OF CALIFORNIA CIVIL CODE § 2923.6**

22                    **[ALL DEFENDANTS]**

23     71.   Plaintiff repeats and re-alleges each and every allegation contained in the above

24  paragraphs and incorporates the same as though fully set forth at length.

25     72.   Under California Civil Code § 2923.6(a), a loan servicer "acts in the best interest of all

26  parties if it agrees to or implements a loan modification where the (1) loan is in payment default, and

27  (2) anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery

28  through foreclosure on a net present value basis." Moreover, under California Civil Code § 2923.6(b)

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

16

1   "it is the intent of the Legislature that the mortgagee offer the borrower a loan modification or

2   workout plan if such a modification or plan is consistent with its contractual or other authority."

3       73.   Plaintiff alleges that at one time or another each Defendant has acted as a servicer of

4   Plaintiff's loans.

5       ~~74.   A loan modification would be in the best interest of all parties in this case because~~

6   Plaintiff is currently in default and the recovery under a loan modification or workout plan would

7   exceed the anticipated recovery through foreclosure, estimated to be the fair market value of no more

8   than $309,500 less costs on average of $75,000 for foreclosure (as published by the Joint Economic

9   Committee of Congress).

10       75.   As a result of the aforementioned violations by Defendants, Plaintiff has been damaged

11   in an amount according to proof at trial, including but not limited to, attorneys' fees and costs.

12       76.   Plaintiff also seeks, in addition to other remedies sought in this Complaint, an order

13   from the Court modifying Plaintiff's loan and/or directing that whoever the current holder of the Notes

14   are must modify Plaintiff's loan by one or more of the following methods: reduction of principal,

15   reduction of interest rate, alteration of the term of the loan, and/or such other method as the Court

16   deems just and proper.

17

18                                  **COUNT IX**

19                     **VIOLATION OF UNRUH CIVIL RIGHTS ACT**

20                          **CAL. CIVIL CODE § 51**

21                             **(ALL DEFENDANTS)**

22       77.   Plaintiff repeats and re-alleges each and every allegation contained in the above

23   paragraphs and incorporates the same as though fully set forth at length.

24       78.   On information and belief, the conduct of Defendants violated California Civil

25   Code § 51 in that Defendants discriminated against, boycotted, or blacklisted, refused to lend to,

26   contract with, or refinance, or offered significantly less worthy credit to the Plaintiff based on his

27   race, color, religion, ancestry, and national origin.

28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; tim.thurman@trinlaw.com

79.     As a direct and legal result of Defendants' violation of Civil Code § 51 and other state constitutional rights, Plaintiff suffered violations of his civil rights.

80.     As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

81.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

82.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

83.     The above actions were conducted under color of state law in that Defendants, as Banks, are entangled with the Federal government, in that the Bank Defendants are heavily regulated by the Federal government, the Federal government loans the Banks money, and Plaintiff is informed and believes, these Defendants have received aid from the Federal government.

84.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and done by managerial employees of Defendants, and each of them. Plaintiff is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

85.     By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

///

///

///

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; tim.thurman@trinlaw.com

18

PLAINTIFF'S COMPLAINT FOR DAMAGES

**COUNT X**

**VIOLATION OF CIVIL RIGHTS ACT OF 1991**

**[42 USC § 1981]**

**(ALL DEFENDANTS)**

86.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

87.     This cause of action is brought pursuant to 42 U.S.C. § 1981, *et seq.,* which provides that all persons in the United States have the same right to make and enforce contracts.

88.     Plaintiff is informed and believes, and thereupon alleges that Defendants, and each of them, loaned Plaintiff an amount that was unreasonable according to his employment and income and were careless in taking his loan application into consideration.

89.     Plaintiff is informed and believes, and thereupon alleges that the loan was given to Plaintiff with the intention to discriminate against the Plaintiff based on his race, religion, or national origin, namely, Defendants, and each of them, were specifically preying upon people of color such as the Plaintiff. Plaintiff is informed and believes that Defendants, and each of them, had a policy of loaning people of color loans that were above and beyond their means so that the Defendants would be able to subsequently foreclose on the property and then own the property.

90.     Plaintiff seeks full compensation for the discriminatory acts he has suffered.

91.     Plaintiff seeks an injunction to prohibit Defendants from engaging in the unfair and discriminatory business practices complained of herein.

92.     As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage, in an amount to be proven at time of trial.

93.     The above actions were conducted under color of state law in that Defendants, as Banks, are entangled with the Federal government, in that the Bank Defendants are heavily regulated by the Federal government, the Federal government loans the banks money, and Plaintiff is informed and believes, these Defendants have received aid from the Federal government.

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

94.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

95.     The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and done by managerial employees of Defendants. Plaintiff is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

## COUNT XI

## VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

## [15 U.S.C. § 1691]

## (ALL DEFENDANTS)

96.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs and incorporates the same as though fully set forth at length.

97.     This cause of action is brought pursuant to 15 U.S.C. § 1691, which makes it unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction, on the basis of race, color, religion, national origin, sex, marital status, or age.

98.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in practices that are unlawful under the Act, including but not limited to providing an exorbitant loan amount to Plaintiff, with a limited and/or inconsistent income, from a minority background, and/or offering a loan to Plaintiff that is significantly more costly than those offered to others of a different race, ethnicity or national origin.

99.     The Defendants preyed upon this minority, and with reckless disregard to how Plaintiff could make payments without default, provided Plaintiff with a higher cost loan that he should have never qualified for, therefore getting him into a deep financial mess which he would not have ever been in had the Defendants done ample due diligence and concluded that show should not qualify for such financing on such loan amount.

20
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   100.   Plaintiff seeks full compensation for the discriminatory acts he has suffered.

2   101.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants,

3   Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment,

4   depression, and mental pain and anguish, all to Plaintiff's damage, in an amount to be proven at

5   time of trial.

6   102.   As a further direct, foreseeable, and proximate result of said wrongful acts by

7   Defendants, Plaintiff has incurred attorneys' fees in an amount to be determined, for which

8   Plaintiff claims a sum to be established according to proof.

9   103.   The conduct of Defendants and their agents and employees as described herein was

10  oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and done

11  by managerial employees of Defendants. Plaintiff is thereby entitled to an award of punitive

12  damages against Defendants, in an amount appropriate to punish and make an example of

13  Defendants, and in an amount to conform to proof.

14

15  **COUNT XII**

16  **DECLARATORY RELIEF**

17  **(ALL DEFENDANTS)**

18  104.   Plaintiff repeats and re-alleges each and every allegation contained in the above

19  paragraphs and incorporates the same as though fully set forth at length.

20  105.   A dispute has arisen between and among the Plaintiff and the Defendants herein,

21  and each of them, as to the duties and obligations of the respective parties with regard to the

22  mortgage loan transaction and/or foreclosure proceedings.

23  106.   These disputes concern, but are not necessarily limited to, the rights and duties of

24  the parties under the promissory note between them, the various statutes at issue in this litigation,

25  the ownership to the Property, and/or the right of Defendant to foreclose on the Property.

26  107.   As these questions concern issues with regard to Plaintiff's Property, he is thus

27  required to seek this relief.

28

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

21
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

108.    Plaintiff further alleges that a declaration of rights and duties of the parties herein by the Court is essential to determine the actual status and validity of the mortgage loan transaction and any rights duties and/or obligations as to the enforcement of it.

109.    Plaintiff has exhausted any and all applicable administrative remedies required under the law and for which notice has been provided to Plaintiff.

## REQUEST FOR JURY TRIAL

110.    Plaintiff hereby requests a trial by a jury of his peers.

## PRAYER

**WHEREFORE**, Plaintiff prays for damages and other relief as follows:

1.    Rescission of the mortgage loan transaction(s) which are the subject of this action;

2.    Termination of any security interest in Plaintiff's Property created under the transaction(s);

3.    Return of any money or property given by the Plaintiff to anyone, including Defendants, in connection with this transaction;

4.    Compensatory and/or actual damages according to proof;

5.    A judicial declaration of the rights, duties and/or obligations of the parties hereto;

6.    Statutory damages;

7.    Restitution;

8.    Punitive damages;

9.    Injunctive relief including the immediate issuance of a preliminary restraining order, and thereafter a temporary or permanent injunction to maintain the status quo pending adjudication;

///
///
///
///

TRINITY LAW ASSOCIATES
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000: Fax: (213) 402 3262: tim.thurman@trinlaw.com

22



10.    Attorneys' fees according to statute;

11.    Costs of this suit; and

DATED:     March 18, 2009         TRINITY LAW ASSOCIATES, LLC

By: _____
           Timothy D. Thurman
           Attorney for Plaintiff,
           JONGIL LEE

**TRINITY LAW ASSOCIATES**
3470 Wilshire Blvd., Suite 930
Los Angeles, California 90010
Tel: (213) 384 9000; Fax: (213) 402 3262; tim.thurman@trinlaw.com

23

**PLAINTIFF'S COMPLAINT FOR DAMAGES**



EXHIBIT A

EXHIBIT

# FIXED/ADJUSTABLE RATE NOTE
## (1 Year Treasury Index - Rate Caps)

03-2122-069267485-6

**THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

_____May 17, 2005_____          _____WOODLAND HILLS_____     _____California_____
                                        (City)                         (State)

11449 TAMPA AVE UNIT 144, NORTHRIDGE, CA 91326-1759
                    (Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ _388,125.00_____ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is _____Washington Mutual Bank, FA_____. I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of _5.375_ %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay Principal and interest by making payments every month.

I will make my monthly payments on the first day of each month beginning on July 1st, 2005 . I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 1st, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date".

I will make my monthly payments at _____LOAN SERVICE, 9451 CORBIN AVE,_____ NORTHRIDGE, CA 91324_____ or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 2,173.39_____ . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4610 (03-01)                          Page 1 of 6                          **PENDING**

Page 29
EXHIBIT 1

03-2122-069267485-6

**4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change Dates**
      The interest rate I will pay may change on the first day of ___June, 2010_____,
and on that day every 12th month thereafter. Each date on which my adjustable interest rate
could change, is called a "Change Date." 
   **(B) The Index**
      Beginning with the first Change Date, my interest rate will be based on an Index. The "Index"
is the weekly average yield on United States Treasury securities adjusted to a constant maturity of
1 year, as made available by the Federal Reserve Board. The most recent Index figure available as
of the date 45 days before each Change Date is called the "Current Index."
      If the Index is no longer available, the Note Holder will choose a new index which is based upon
comparable information. The Note Holder will give me notice of this choice.
   **(C) Calculation of Changes**
      Before each Change Date, the Note Holder will calculate my new interest rate by adding
__Two & Seventy-Five-Hundredths_____ percentage points ( _2.750_ %)
to the Current Index. The Note Holder will then round the result of this addition to the nearest
one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below,
this rounded amount will be my new interest rate until the next Change Date.
      The Note Holder will then determine the amount of the monthly payment that would be
sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on the
Maturity Date at my new interest rate in substantially equal payments. The result of this
calculation will be the new amount of my monthly payment.
   **(D) Limits on Interest Rate Changes**
      The interest rate I am required to pay at the first Change Date will not be greater than
__10.375__ % or less than __2.750___ %. Thereafter, my interest rate will never be
increased or decreased on any single Change Date by more than two percentage points (2.0%)
from the rate of interest I have been paying for the preceding 12 months. My interest rate will
never be greater than __10.375__ %.
   **(E) Effective Date of Changes**
      My new interest rate will become effective on each Change Date. I will pay the amount of my
new monthly payment beginning on the first monthly payment date after the Change Date until the
amount of my monthly payment changes again.
   **(F) Notices of Changes**
      The Note Holder will deliver or mail to me a notice of any changes in my interest
rate and the amount of my monthly payment before the effective date of any change.
The notice will include the amount of my monthly payment, any information required by law to be
given me and also the title and telephone number of a person who will answer any question I may
have regarding the notice.
   **(G) Failure to Make Adjustments**
      If for any reason Note Holder fails to make an adjustment to the interest rate or payment
amount as described in this Note, regardless of any notice requirement, I agree that Note Holder
may, upon discovery of such failure, then make the adjustment as if they had been made on time. I
also agree not to hold Note Holder responsible for any damages to me which may result from Note
Holder's failure to make the adjustment and to let the Note Holder, at its option, apply any excess
monies which I may have paid to partial prepayment of unpaid Principal.
**5.  BORROWER'S RIGHT TO PREPAY**
      I have the right to make payments of Principal at any time before they are due. A payment of
Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder

4610 (03-01)                              Page 2 of 6                              **PENDING**

03-2122-069267485-6

in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use all of my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then; (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

Miscellaneous Fees: I understand that the Note Holder will also charge a return item charge in the event a payment that I make in connection with repayment of this loan is not honored by the financial institution on which it is drawn.  The current fee is $  15.00  .  Lender reserves the right to change the fee from time to time without notice except as may be required by law.

**7.  BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   Fifteen   calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be   5.000 % of my overdue payment of Principal and interest.  I will pay this late charge promptly, but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due,  I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date,  the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by Applicable Law. Those expenses include, for example, reasonable attorneys' fees.

4610 (03-01)                    Page 3 of 6                    **PENDING**

03-2122-069267485-6

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address. Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

(A) UNTIL MY INITIAL FIXED INTEREST RATE CHANGES TO AN ADJUSTABLE INTEREST RATE UNDER THE TERM STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL READ AS FOLLOWS:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in

03-2122-069267485-6

accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**(B) WHEN MY INITIAL FIXED-INTEREST RATE CHANGES TO AN ADJUSTABLE INTEREST RATE UNDER THE TERMS STATED IN SECTION 4 ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT AS DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD READ AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12. MISCELLANEOUS PROVISIONS**

In the event the Note Holder at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical or ministerial mistake, calculation error, computer error, printing error or similar error (collectively "Errors"), I agree, upon notice from the Note Holder, to reexecute any Loan Documents that are necessary to correct any such Errors and I also agree that I will not hold the Note Holder responsible for any damage to me which may result from any such Errors.

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Note Holder delivers to me an indemnification in my favor, signed by the Note Holder, then I will sign and deliver to the Note Holder a Loan Document identical in form and content which will have the effect of the original for all purposes.

4610 (03-01)                          Page 5 of 6                          **PENDING**

Page 33
EXHIBIT 1

03-2122-069267485-6

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

X_____
JONGIL LEE

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
### *Jongil Lee v. Washington Mutual, et al.*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 633 W. Fifth Street, Suite 1100, Los Angeles, CA 90071.**

On July 31, 2009, I served the foregoing document described as **NOTICE OF REMOVAL TO FEDERAL COURT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or FedEx Drop Box located at 633 W. Fifth Street, Los Angeles, California 90071. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 31, 2009, at Los Angeles, California.

[Signature] KIRA R. McCOY

2021972.1

1

**SERVICE LIST**
*Jongil Lee v. Washington Mutual, et al.*
Case No.

Timothy D. Thurman, Esq.                  Counsel for Plaintiff
Trinity Law Associates, LLC               (213) 384-9000
3470 Wilshire Boulevard, Suite 930        (213) 402-3262 FAX
Los Angeles. CA  90010                    tim.thurman@trinlaw.com

2021972.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 5635 RGK (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JONGIL LEE | JPMORGAN CHASE BANK, N.A., an acquirer of certain assets and liabilities of WASHINGTON MUTUAL BANK from the Federal Deposit Insurance Corporation acting as Receiver |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Timothy D. Thurman, Esq., Trinity Law Associates, LLC 3470 Wilshire Boulevard, Suite 930 Los Angeles, CA 90010  (213) 384-9000 | Counsel:  John M. Sorich, Patrick A. Cathcart, Amy L. Morse, Frances Q. Jett ADORNO YOSS ALVARADO & SMITH 633 W. Fifth Street, Suite 1100 Los Angeles, CA 90071  (213) 229-2400 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 465,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Violations of "TILA", 15 U.S.C. § 1601; "RESPA", 12 U.S.C. §§ 2601, et seq.; the Civil Rights Act of 1991, 42 U.S.C. § 1981; and "ECOA", 15 U.S.C. § 1691.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CONFORM AND RETURN

FOR OFFICE USE ONLY:   Case Number:   ＣＶ09-05635

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITE.   ATES DISTRICT COURT, CENTRAL DIST   CT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
　　☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
　　☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Ally D. Moise_　　　Date July 31, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |